UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACKBEAM, LLC,<br>41 E. 11th St., 11th Floor,<br>New York, NY 10003,<br><br>        Plaintiff,<br><br>v.<br><br>PROMIER PRODUCTS, INC.,<br>304 5TH St.<br>Peru, IL 61354,<br><br>        Defendant. | Case No. 14-CV-4849<br><br>Judge _____ Presiding<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Blackbeam, LLC ("Blackbeam") brings this action for patent infringement against defendant Promier Products, Inc. ("Promier") and alleges as follows:

### PARTIES

1. Blackbeam, LLC is a New York corporation with a principal place of business at 41 E. 11th St., 11th Floor, New York, NY 10003. Blackbeam develops, manufactures and sells innovative flashlights and related equipment.

2. Promier Products Inc. is an Illinois corporation with a principal place of business at 304 5th St., Peru, IL 61354. Upon information and belief, Promier is engaged in the sale of flashlights and related equipment.

### JURISDICTION AND VENUE

3. This is an action for patent infringement under 35 U.S.C. §271.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338 and 35 U.S.C. §271.

5. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Promier because Promier is a resident of Illinois and this District. Promier does substantial business in Illinois and has purposely availed itself of Illinois's services and/or other benefits and, therefore, should reasonably anticipate being hailed into one or more of the courts within the State of Illinois. Moreover, upon information and belief, specific acts of infringement have occurred in Illinois and in this District.

7. Upon information and belief, venue is proper pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400.

## PATENTS–IN-SUIT

8. The Patents-in-Suit are U.S. Patent No. 7,850,329 (the "'329 Patent") and U.S. Patent No. 8,025,420 (the "'420 Patent"). The '329 and '420 Patents are valid and enforceable.

9. Blackbeam is the owner of the entire right, title and interest in and to the '329 Patent issued by the United States Patent and Trademark Office ("USPTO") on December 14, 2010 and entitled "Flashlight with Integrated Clamp Handle." A true and correct copy of the '329 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Blackbeam is the owner of the entire right, title and interest in and to the '420 Patent, issued by the USPTO on September 27, 2011 and entitled "Flashlight with Integrated Clamp Handle." The '420 Patent is a Continuation of the '329 Patent. A true and correct copy of the '420 Patent is attached hereto as Exhibit B and incorporated herein by reference.

11. Blackbeam manufactures and sells its patented flashlights throughout the United States, including in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

12. Blackbeam and Promier both sell flashlights and related equipment.

13. Blackbeam developed a novel flashlight having handles and a clamp integrated into the handles. The patented Blackbeam flashlight provides hands-free operation while simultaneously providing portability.

14. Blackbeam invested significant time, effort and money in developing its patented flashlight and in filing and prosecuting the '329 and '420 Patents with the USPTO to protect its flashlight. Blackbeam's patented flashlight provides Blackbeam with a competitive advantage in the market.

15. Promier directly competes with Blackbeam in the flashlight market.

16. Promier is and has been aware of the '329 and '420 Patents and Blackbeam's flashlights that embody its patented technology. For example, Blackbeam previously notified Promier that its "LED 3 Watt Clamp Light" appears to infringe the '329 and '420 Patents and demanded that Promier cease its infringing sales. To date, Promier has refused.

17. Despite its knowledge of the '329 and '420 patents and Blackbeam's patented flashlight, Promier has sold and continues to sell flashlights, including but not limited to the "LED 3 Watt Clamp Light," which infringe the '329 and '420 Patents ("infringing products").

**INFRINGEMENT OF US PATENT NO. 7,850,329 (COUNT I)**

18. Blackbeam incorporates by reference the allegations set forth in paragraphs 1-17 of this Complaint as though fully set forth herein.

19. Promier, during the term of the '329 Patent, has infringed and continues to infringe the '329 Patent, in violation of 35 U.S.C. §271 *et. seq.*, including Sections (a), (b) and (c), directly, indirectly, contributorily, and by inducement of and in action with others, by making, using, selling, offering for sale in and/or importing into this District and elsewhere in the

WHD/10423242.3

3

United States, without authority, infringing products that infringe one or more claims of the '329 Patent, including at least independent claims 9 and 13, and dependent claims 12, 14 and 17.

20. Upon information and belief, Promier has induced infringement of the '329 Patent by knowingly inducing third parties to make, use, sell, offer to sell infringing products in the United States and/or import the infringing products into the United States.

21. Upon information and belief, Promier's infringement of the '329 Patent has been and will continue to be willful and intentional.

22. Upon information and belief, Promier will continue to willfully infringe the '329 Patent unless and until enjoined by the Court.

23. Promier's infringement has caused and will continue to cause damage to Blackbeam, and is causing irreparable harm to Blackbeam for which there is no adequate remedy at law.

24. Promier's acts of infringement of the '329 Patent are exceptional, entitling Blackbeam to recovery of its attorney's fees and costs under 35 U.S.C. §285.

## INFRINGEMENT OF U.S. PATENT NO. 8,025,420 (COUNT II)

25. Blackbeam incorporates by reference the allegations set forth in paragraphs 1-17 of this Complaint as though fully set forth herein.

26. Promier, during the term of the '420 Patent, has infringed and continues to infringe the '420 Patent, in violation of 35 U.S.C. §271 *et. seq.*, including Sections (a), (b) and (c), directly, indirectly, contributorily, and by inducement of and in action with others, by making, using, selling, offering for sale in and/or importing into this District and elsewhere in the United States, without authority, infringing products that infringe one or more claims of the '420 Patent, including at least independent claim 1 and dependent claims 2, 3, 4, 6, and 9.

27. Upon information and belief, Promier has induced infringement of the '420 Patent by knowingly inducing third parties to make, use, sell, offer to sell infringing products in the United States and/or import the infringing products into the United States.

28. Upon information and belief, Promier's infringement of the '420 Patent has been and will continue to be willful and intentional.

29. Upon information and belief, Promier will continue to willfully infringe the '420 Patent unless and until enjoined by the Court.

30. Promier's infringement has caused and will continue to cause damage to Blackbeam, and is causing irreparable harm to Blackbeam for which there is no adequate remedy at law.

31. Promier's acts of infringement of the '420 Patent are exceptional, entitling Blackbeam to recovery of its attorney's fees and costs under 35 U.S.C. §285.

## JURY DEMAND

32. Blackbeam hereby demands a trial by jury of all claims and issues triable before a jury.

## PRAYER FOR RELIEF

Wherefore, Blackbeam respectfully requests that this Court enter judgment against Promier as follows:

A. Holding that Promier has directly infringed Blackbeam's U.S. Patent No. 7,850,329 under 35 U.S.C. §271(a) and/or has indirectly infringed U.S. Patent No. 7,850,329 under 35 U.S.C. §271(b) and (c).

B. Holding that Promier has directly infringed Blackbeam's U.S. Patent No. 8,025,420 under 35 U.S.C. §271(a) and/or has indirectly infringed U.S. Patent No. 8,025,420 under 35 U.S.C. §271(b) and (c).

  C. Preliminarily and permanently enjoining Promier, its officers, agents, servants and employees, and all other persons in active concert or participation with them from making, using, offering for sale, selling or importing in or into the United States the infringing products, or otherwise infringing U.S. Patent No. 7,850,329 under 35 U.S.C. §283.

  D. Preliminarily and permanently enjoining Promier, its officers, agents, servants and employees, and all other persons in active concert or participation with them from making, using, offering for sale, selling or importing in or into the United States the infringing products, or otherwise from infringing U.S. Patent No. 8,025,420 under 35 U.S.C. §283.

  E. Requiring an accounting of Promier's sales of infringing products and awarding Blackbeam damages to compensate for Promier's infringement of U.S. Patent No. 7,850,329 and U.S. Patent No. 8,025,420, including lost profits and/or reasonable royalty, costs and prejudgment interest from the first date of infringement, under 35 U.S.C. §284.

  F. Ordering Promier to surrender for destruction all infringing products and manufacturing supplies for such products that are in Promier's possession or control in the United States or in transit to the United States.

  G. Holding that Promier's infringement of the U.S. Patent No. 7,850,329 and U.S. Patent No. 8,025,420 was willful and otherwise entitles Blackbeam to triple damages, under 35 U.S.C. §284.

  H. Holding that Promier's actions in this matter make this case exceptional, and awarding reasonable attorneys' fees to Blackbeam under 35 U.S.C. §285.

  I. Awarding Blackbeam its attorneys' fees and costs and such other relief as is appropriate under law or equity.

Dated this 26th day of June, 2014.

        WHYTE HIRSCHBOECK DUDEK S.C.
        Attorneys for Plaintiff

        By: s/ Kenneth R. Nowakowski
           Kenneth R. Nowakowski
           Trial Bar No.: 90784784
           Jeffrey A. McIntyre
           Illinois State Bar No.: 6225606

ADDRESS:
161 N. Clark St.
Suite 4700
Chicago, IL 60601-3206

555 East Wells Street
Suite 1900
Milwaukee, Wisconsin 53202-3819
414-978-5517
414-223-5000 (fax)
knowakowski@whdlaw.com

33 East Main Street
Suite 300
P.O. Box 1379
Madison, WI 53701-1379
608-234-7390
608-258-7138 (fax)
jmcintyre@whdlaw.com